15-1813
*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand sixteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        ROBERT D. SACK,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*

_____

SPECIAL SITUATIONS FUND III QP, L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P., COLUMBIA PACIFIC OPPORTUNITY FUND, L.P., FIR TREE VALUE MASTER FUND, L.P., FIR TREE CAPITAL OPPORTUNITY MASTER FUND, L.P., LAKE UNION CAPITAL FUND, L.P., LAKE UNION CAPITAL TE FUND, L.P., ASHFORD CAPITAL MANAGEMENT, INC., ZS EDU, L.P., MRMP-MANAGERS, L.L.C., DOUGLAS N. WOODRUM, ROBERT A. HORNE, HOWARD S. BERL, WHI GROWTH FUND QP, LP, TORTUS CAPITAL MASTER FUND, LP, BRIGHTLIGHT CAPITAL PARTNERS LP,

1

*Plaintiffs-Appellants*,

v.                                                    No. 15-1813

DELOITTE TOUCHE TOHMATSU CPA, LTD.,
DELOITTE & TOUCHE LLP,

  *Defendants-Appellees,*

ANTONIO SENA, JUSTIN TANG, YIN JIANPING,
RICHARD XUE, MICHAEL SANTOS, JOHN DOES,
1-10, JANE DOES, 1-10, ABC CORPS 1-10,

  *Defendants*.

_____

| | |
|---|---|
| For Plaintiffs-Appellants: | SHEILA A. SADIGHI (Thomas E. Redburn, Jr., Richard A. Bodnar, *on the brief*), Lowenstein Sandler LLP, Roseland, NJ. |
| For Defendant-Appellee Deloitte Touche Tohmatsu CPA, Ltd.: | ROBERT N. HOCHMAN (Gary F. Bendinger, David A. Gordon, Tacy F. Flint, Michael D. Warden, Joshua J. Fougere, *on the brief*), Sidley Austin LLP, New York, NY, Chicago, IL, and Washington, DC. |
| For Defendant-Appellee Deloitte & Touche LLP: | WILLIAM R. MAGUIRE (Savvas A. Foukas, Jesse L. Jensen, *on the brief*), Hughes Hubbard & Reed LLP, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants, investment funds, entities, and individuals who purchased stock in ChinaCast

Education Corporation, Inc. ("ChinaCast"), appeal from the judgment of the District Court for

2

the Southern District of New York (Ramos, *J.*) dismissing appellants' amended complaint for failure to state a claim and denying leave to file a second amended complaint. In 2012, ChinaCast disclosed that its former CEO and other executives had perpetrated a years-long fraud against the company by misstating its financials and embezzling funds. Appellants allege that appellee Deloitte Touche Tohmatsu CPA, Ltd. ("DTTC"), ChinaCast's independent auditor, committed securities fraud in violation of § 10(b) of the Securities Exchange Act of 1934 and fraud under New York common law when, notwithstanding the ongoing fraud, DTTC issued a "clean audit opinion" in each year from 2007 through 2010 in connection with its review of ChinaCast's Form 10-K, a publicly disclosed annual report filed with the Securities and Exchange Commission ("SEC"). Appellants further allege that DTTC is liable under § 18 of the Exchange Act for filing its allegedly misleading audit opinions with the SEC and that appellee Deloitte & Touche LLP ("D&T"), DTTC's United States affiliate, both violated § 18 by causing DTTC to file the audit opinions and is liable as a "control person" under § 20(a) for DTTC's violations. We assume the parties' familiarity with the facts, procedural history, and issues presented for review.

## I. Standard of Review

Because the district court denied appellants' motion for leave to amend as futile, we review *de novo* the sufficiency of the allegations in appellants' proposed second amended complaint (the "PSAC"). *See In re Advanced Battery Techs., Inc.*, 781 F.3d 638, 645 (2d Cir. 2015).

3

## II.    The § 10(b) Claim

"To state a cause of action under section 10(b) and Rule 10b-5, a plaintiff must plead that the defendant made a false statement or omitted a material fact, with scienter, and that plaintiff's reliance on defendant's action caused plaintiff injury." *San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Companies*, 75 F.3d 801, 808 (2d Cir. 1996). Under the Private Securities Litigation Reform Act (the "PSLRA"), a plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with" scienter. 15 U.S.C. § 78u-4(b)(2)(A). For an inference of scienter to be "strong," it "must be 'cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'" *Advanced Battery*, 781 F.3d at 644 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007)).

"The plaintiff may satisfy [the 'strong inference'] requirement by alleging facts . . . constituting strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).[1] "For 'recklessness on the part of a non-fiduciary accountant' to satisfy securities fraud scienter, 'such recklessness must be conduct that is "highly unreasonable," representing "an extreme departure from the standards of ordinary care." It must, in fact, approximate an actual intent to aid in the fraud being perpetrated by the audited company.'" *Rothman v. Gregor*, 220 F.3d 81, 98 (2d Cir. 2000) (quoting *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 120-21 (2d Cir. 1982)). Accordingly, mere allegations

---

[1] A plaintiff may also plead scienter by "showing that the defendants had both motive and opportunity to commit the fraud," *ATSI Commc'ns*, 493 F.3d at 99, but appellants do not pursue such a theory here.

of negligence or allegations that a better audit would have uncovered the fraud earlier will not suffice. *See Advanced Battery*, 781 F.3d at 644.

Here, in support of their argument that DTTC acted with scienter, appellants identify a number of alleged "red flags" indicative of fraud that they contend DTTC recklessly disregarded. We agree with the district court that appellants' allegations fall short of showing scienter under the PSLRA.

The majority of appellants' allegations related to the purported red flags can be grouped into two categories. First, appellants repeatedly allege that DTTC should have confirmed the validity of certain large transactions and assets on ChinaCast's books. According to the PSAC, had DTTC conducted an appropriate audit investigation, it would have discovered, for example, that money received in a stock offering had been embezzled, that ChinaCast took out undisclosed loans to pay for certain large asset acquisitions, and that ChinaCast failed to disclose that it had pledged numerous term deposits. But appellants nowhere allege that DTTC was *required* to check the documentation underlying these transactions and assets, *cf. Novak v. Kasaks*, 216 F.3d 300, 308 (2d Cir. 2000) ("Under certain circumstances, we have found allegations of recklessness to be sufficient where plaintiffs alleged facts demonstrating that defendants failed to review or check information that they had a duty to monitor."), and "conditional allegations of the sort that a defendant would have learned the truth about a company's fraud if it had performed the due diligence it promised are generally insufficient to establish the requisite scienter," *Advanced Battery*, 781 F.3d at 646 (quoting *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110, 112 (2d Cir. 2009)) (internal quotation marks and alterations omitted).

5

Second, appellants contend that transactions with third parties reflected in the financial statements of certain ChinaCast subsidiaries constituted red flags. More specifically, appellants allege that, because the subsidiaries operated as nothing more than holding companies that transacted, at most, only with other ChinaCast subsidiaries, any transaction with an outside party was a clear sign of wrongdoing that should have prompted DTTC to investigate further.

When viewed in context and with the information that DTTC had at the time, however, the records of the third-party transactions are not fairly characterized as obvious signs of fraud. ChinaCast's public filings reported that these subsidiaries provided services that would justify transactions with third parties, and the PSAC contains no allegation that DTTC knew the representations in the public filings to be false. It is only with the benefit of hindsight that these records can be characterized as red flags, but allegations of "fraud by hindsight" are insufficient. *See Novak*, 216 F.3d at 309 (quoting *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 85 (2d Cir. 1999)).

The remainder of appellants' allegations pertaining to red flags are equally insufficient and show nothing more than, at most, negligence. Accordingly, we conclude that appellants have failed to plead the requisite "strong inference"—or, indeed, any plausible inference—of scienter. The district court thus correctly dismissed the § 10(b) claim.[2]

## III.    The § 18 Claim

Under § 18 of the Exchange Act, any person who "make[s] or cause[s] to be made" a false or misleading statement in a document filed pursuant to any provision of the Act is liable to any person who purchased or sold a security in reliance on the false or misleading statement. 15

---

[2] Appellants rely on the same arguments to challenge the district court's dismissal of their common law fraud claims, and we therefore affirm the dismissal of those claims as well.

6

U.S.C. § 78r(a).  Appellants allege that DTTC violated § 18 when it filed its clean audit opinions with the SEC and that D&T violated § 18 by "causing" DTTC to file the opinions.  The district court dismissed appellants' claims on the ground, among others, that the PSAC failed to allege that DTTC's opinions constituted false or misleading statements.

We agree.  In *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 135 S. Ct. 1318 (2015), the Supreme Court explained that a plaintiff may allege that a statement of *opinion* is false or misleading in either of two ways relevant here.  First, a plaintiff may allege that the issuer of the opinion held a subjective belief inconsistent with the opinion. *Id.* at 1326.  Second, a plaintiff may allege that the statement of opinion "omits material facts about the issuer's inquiry into or knowledge concerning a statement of opinion, . . . if those facts conflict with what a reasonable investor would take from the statement [of opinion] itself."[3]  *Id.* at 1329.  Here, appellants argue that their allegations that DTTC "omitted to disclose both that DTTC had conducted a recklessly deficient audit investigation, on which its audit opinions supposedly were based, and that it knew of numerous facts that outright contradicted those opinions," show both that DTTC lacked a subjective belief in its opinions and that its opinions were materially misleading because they omitted key facts.  Brief for All Plaintiffs-Appellants at 44-45.  As explained, however, the PSAC fails to adequately state such allegations.  We therefore affirm the district court's dismissal of appellants' § 18 claims against DTTC and D&T.

---

[3] *Omnicare* considered § 11 of the Securities Act of 1933, which prohibits registration statements that either "contain[] an untrue statement of a material fact or omit[] to state a material fact required to be stated therein or necessary to make the statements therein not misleading."  15 U.S.C. § 77k(a).  Section 18 of the 1934 Act, though it prohibits "misleading statements," lacks any explicit reference to omissions.  The parties have not commented on this textual difference; we assume, *arguendo*, that the standard announced in *Omnicare* applies to § 18 claims.

**IV.    The § 20(a) Claim**

Section 20(a) of the Exchange Act provides that "[e]very person who, directly or indirectly, controls any person" found liable of violating the Act "shall" be jointly and severally liable with the primary violator "unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action." 15 U.S.C. § 78t(a). Because we have concluded that appellants failed to plead a primary violation against DTTC, its allegations of control-person liability against D&T necessarily fail as well.

**V.    Conclusion**

We have considered all of appellants' remaining arguments and find in them no basis for reversal. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK