In re Puda Coal Securities Inc. Litigation

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
         REENA RAGGI,
                      Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
SALOMON QUERUB, HOTEL VENTURES, HOWARD
PRITCHARD, HARRIET GOLDSTEIN,
individually and on behalf of all
others similarly situated, THOMAS
ROSENBERGER, STEVEN WEISSMANN, TRELLUS
MGMT. CO. LLC,
         Plaintiffs-Appellants,

         -v.-                                  15-2100

MOORE STEPHENS HONG KONG,
         Defendant-Appellee.

PUDA COAL, INC., MING ZHAO, LIPING ZHU,
QIONG LABY WU, YAO ZHAO, CARRET & CO.,
LLC, MACQUARIE CAPITAL (USA) INC.,

1

**JIANFEI NI, C. MARK TANG, LAWRENCE WIZEL, BREAN MURRAY, CARRT & CO., LLC, MOORE STEPHENS INT'L LTD., MOORE STEPHENS, P.C.,**

> **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**    LAURENCE M. ROSEN, The Rosen Law Firm, P.A., New York, NY; Glancy Prongay & Murray LLP, Los Angeles, CA; Pomerantz LLP, Chicago, IL; Kirby McInerney LLP, New York, NY.

**FOR APPELLEE:**    BRIAN J. MASSENGILL (James C. Schroeder, Dana Douglas, Justin A. McCarty, on the brief), Mayer Brown LLP, Chicago, IL.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-appellants, investors in Puda Coal, Inc. ("Puda"), appeal from the judgment of the United States District Court for the Southern District of New York (Forrest, J.) dismissing on summary judgment their securities class action against defendant-appellee Moore Stephens Hong Kong ("Moore Stephens"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Until April 2011, Puda was a publicly-traded, U.S.-listed company headquartered in China, which purportedly held, as its sole asset, a 90% ownership stake in Shanxi Puda Coal Group Co., Ltd. ("Shanxi Coal"), a coal supplier for steel manufacturing. In fact, in September 2009, Puda's chairman transferred Puda's entire interest in Shanxi Coal to himself, leaving Puda a shell company. This transfer was reflected in shareholder meeting minutes for Shanxi Coal and in various documents filed in

China's State Administration of Industry and Commerce. But Puda's financial statements for 2009 and 2010 included all of the assets, liabilities, revenues, expenses, and net income for Shanxi Coal.

Moore Stephens is a Hong Kong-based audit firm that issued "clean opinions" for Puda's 2009 and 2010 financial statements pursuant to Public Company Accounting Oversight Board ("PCAOB") standards. After April 2011, when the Shanxi Coal transfer became public, Moore Stephens resigned as Puda's auditor and announced that its 2009 and 2010 audit opinions could no longer be relied upon.

Puda's investors filed a securities class action shortly after news broke of the Shanxi Coal transfer, alleging that Moore Stephens (and others) violated Section 11 of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 (and Rule 10b-5). In support, plaintiffs-appellants proffered Anita C.M. Hou as an expert who testified that Moore Stephens failed to comply with the auditing standards of Hong Kong and/or the People's Republic of China. However, she admitted that she was not an expert on PCAOB and could not opine on whether the audits complied with PCAOB standards. Moore Stephens proffered Alexander H. Mackintosh as an expert in PCAOB standards who opined that Moore Stephens's 2009 and 2010 audits fully complied with PCAOB standards.

At summary judgment, the district court struck plaintiffs-appellants' sole accounting expert, Hou, and granted summary judgment in favor of Moore Stephens. The district court reasoned that Hou did not have the requisite expertise to offer opinions on any matters relevant to the case because she had no experience or expertise in PCAOB audits and because PCAOB provides the standard of conduct that Moore Stephens allegedly failed to satisfy. Without competent evidence on PCAOB auditing standards, plaintiffs-appellants could not raise a triable issue of fact regarding whether Moore Stephens egregiously departed from applicable professional standards of care. The district court further concluded that plaintiffs-appellants failed to proffer any evidence that Moore Stephens issued subjectively false opinions. This appeal followed.

We review for abuse of discretion the admission or exclusion of expert testimony.  Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 311 (2d Cir. 2008).  We review de novo a district court's grant of summary judgment. Noll v. Int'l Bus. Machs. Corp., 787 F.3d 89, 93 (2d Cir. 2015).

**1.**  An expert witness is "permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation," but only after a trial judge has determined "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue"; "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591-92 (1993).  In other words, the expert must be qualified to testify as to a certain issue; the expert must offer an opinion on that issue that is informed by reliable information and methodology; and the probative value of the expert testimony must not be substantially outweighed by the danger of, inter alia, confusion of the issues or misleading the jury.  Nimely v. City of New York, 414 F.3d 381, 397 (2d Cir. 2005).

The district court appropriately struck Hou as an expert witness.  As she admitted, Hou lacks experience and expertise in conducting or reviewing audits done according to PCAOB standards and is therefore not qualified to opine on PCAOB auditing standards.  Because Puda was a U.S.-listed company, the only auditing standards in question are those promulgated by PCAOB – not those of Hong Kong or PRC – so Hou is not qualified as an expert on the sole relevant auditing standard.  Opinions on Hong Kong and/or PRC auditing standards would not be helpful to the jury on any relevant issue, and would risk muddling the issue of the applicable standard of care.  Finally, Hou's testimony that auditing standards in Hong Kong or PRC do not materially differ from PCAOB standards is speculative. Because she is not qualified to opine on PCAOB standards, she has no basis for comparing them with other standards.

**2.**  A violation of Section 10(b) requires "scienter, a mental state embracing intent to deceive, manipulate, or defraud."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551

4

U.S. 308, 319 (2007) (internal quotation marks omitted). Recklessness satisfies the scienter requirement when the conduct is "highly unreasonable, representing an extreme departure from the standards of ordinary care." Rothman v. Gregor, 220 F.3d 81, 98 (2d Cir. 2000) (internal quotation marks omitted). For an auditor, the conduct "must, in fact, approximate an actual intent to aid in the fraud being perpetrated by the audited company." Id. In essence, recklessness requires a showing that the "audit [was] so deficient as to amount to no audit at all." In re Advanced Battery Techs., Inc., 781 F.3d 638, 644 (2d Cir. 2015).

Plaintiffs-appellants cannot raise a triable issue of fact as to whether Moore Stephens was sufficiently reckless to be liable under Section 10(b). They fall short regardless of whether they are required to proffer expert testimony to establish scienter for this claim. If expert testimony is necessary, plaintiffs-appellants have no factual basis for alleging that the 2009 and 2010 audits were "extreme departure[s]" from PCAOB standards "amounting to no audit at all" because they cannot establish the PCAOB standard of ordinary care. The uncontested expert testimony is that Moore Stephens fully complied with PCAOB standards. If expert testimony is not required, plaintiffs-appellants still fail to show Moore Stephens conducted the audits recklessly. The purported "red flags" were not obvious signs of fraud; at its core the complaint alleges "fraud by hindsight," which is inadequate. See Advanced Battery, 781 F.3d at 645-46; see also Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd., 2016 WL 1392280, at *2 (2d Cir. Apr. 8, 2016).

**3.** Statements of opinion are actionable under Section 11 as false or misleading only if (i) "the issuer of the opinion held a subjective belief inconsistent with the opinion," or (ii) the "opinion 'omits material facts about the issuer's inquiry into or knowledge concerning a statement of opinion, . . . if those facts conflict with what a reasonable investor would take from the statements [of opinion] itself." Special Situations Fund, 2016 WL 1392280, at *3 (quoting Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund, 135 S. Ct. 1318, 1329 (2015)). Audit reports, labeled "opinions" and involving considerable subjective judgment, are statements of opinion

5

subject to the <u>Omnicare</u> standard for Section 11 claims.  <u>Id.</u>

There is no evidence that Moore Stephens did not believe its "clean audit opinions" for Puda's 2009 or 2010 financial statements.  Nor is there evidence that Moore Stephens omitted material facts about the basis for its audit reports. Plaintiffs-appellants cannot sustain their Section 11 claim.

Accordingly, and finding no merit in plaintiff-appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK